UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-14036-CR-CANNON/MAYNARD

UNITED STATES OF AMERICA

vs.

JOSEPH FUREY LUSK,

                **Defendant.**
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and JOSEPH FUREY LUSK (hereinafter referred to as the "defendant") enter into the following agreement:

1. The Defendant agrees to plead guilty to Count 1 and Count 2 of the Indictment. Count 1 charges the defendant with Attempted Enticement of a Minor, in violation of Title 18, United States Code Section 2422(b). Count 2 charges the defendant with Committing a Felony Offense Involving a Minor while Required to Register as a Sex Offender, in violation of Title 18, United States Code, Section 2260A.

2. The United States and the Defendant agree that pursuant to Fed. R. Crim. P. 11(a)(2), the Defendant reserves his right to appeal the District Court's Order denying Defendant's Motion to Dismiss Count 2 (DE39). This reservation of appellate rights is limited to whether the "involving a minor" language contained in Title 18, United States Code, Section 2260A requires an actual minor.

3. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing

1

Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. As to Count 1, the defendant also understands and acknowledges that the Court must impose a minimum term of imprisonment of 10 years and may impose a statutory maximum term of imprisonment of up to life, followed by a term of supervised release of up to life. As to Count 2, the defendant understands and acknowledges that the Court must impose a term of imprisonment of 10 years that must run consecutively to any term of imprisonment imposed as to Count 1, followed by a term of supervised release of up to life. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 per count, may order forfeiture, and must order restitution.

2

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, for each count of conviction, a special assessment in the amount of $5,000 will be imposed on the defendant, unless the defendant is deemed to be indigent, whereby the special assessment of $100 per count will be imposed. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6. The defendant agrees to abandon to the Martin County Sheriff's Office voluntarily and immediately all of his rights, title, and interest to the following assets, which are currently in the possession and control of the Martin County Sheriff's Office:

   a. One (1) Samsung Galaxy cellular phone with case, model no. SM-A025A, serial no. B9HR508R1LA

7. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

8. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. This Office, however, will not be required to make this recommendation if the defendant: (1) fails or refuses to make a full, accurate and

complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

9. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office, or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

10. The defendant understands that by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout the defendant's life. The defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to the defendant's name, place of residence, employment, or student status, or other

4

relevant information. The defendant shall comply with requirements to periodically verify in person defendant's sex offender registration information. The defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If the defendant resides in Florida following release from prison, the defendant will be subject to the registration requirements of Florida Statutes 775.21 and 943.0435. The defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon defendant's release from confinement following conviction.

11. As a condition of supervised release, the defendant shall initially register with the state sex offender registration in Florida and shall also register with the state sex offender registration agency in any state where the defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update defendant's registration information. The defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

12. The defendant acknowledges that he has fully discussed the matters of this plea agreement and his guilty plea pursuant thereto with his attorney, and that his attorney has answered each of his questions about the strength of the Government's case, as well as the following rights: to go to trial, to cross-examine the Government's witnesses, to testify on his own behalf, to not be compelled to provide self-incriminating testimony, to call witnesses for the defense, and to appeal any adverse verdict that may result from a trial. The defendant further acknowledges that he is fully satisfied with the representations provided by his attorney.

13. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 4/4/2022   By: _____
STACEY BERGSTROM
ASSISTANT UNITED STATES ATTORNEY

Date: 4/4/2022   By: _____
CAROLINE McCRAE
ATTORNEY FOR DEFENDANT

Date: 4/4/2022   By: _____
JOSEPH FUREY LUSK
DEFENDANT